**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**at LEXINGTON**

**Civil Action No. 07-383-HRW**

**JERRY MICHAEL LITTLE**,                                              **PLAINTIFF,**


**v.**                              **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                     **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  disability insurance benefits on September 19, 2005, alleging disability beginning on June 1, 2004, due to injuries to both arms, right hip, knee and thigh sustained in two car accidents and pain,

muscle weakness, swelling, fatigue and numbness  (Tr. 78-83).

This application  was denied initially and on reconsideration.  On January 31, 2007, an administrative hearing was conducted by Administrative Law Judge Roger L. Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 253 - 284).  At the hearing, Plaintiff's wife Sandra Little also testified (Tr. 284-300).  Joyce Forrest , a vocational expert (hereinafter "VE"), appeared at the hearing.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from

performing his past relevant work, if other work exists in significant
numbers in the national economy that accommodates his residual functional
capacity and vocational factors, he is not disabled.

On February 23, 2007, the ALJ issued his decision finding that Plaintiff was
not disabled (Tr. 13-20).

Plaintiff was 40  years old at the time of the hearing decision (Tr. 18).  He
has at least a high school  education (Tr. 18). His past relevant work experience
consists of work as a factory worker, gas line worker, forklift driver and coal miner
(Tr. 18).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not
engaged in substantial gainful activity since  the alleged onset date of disability
(Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffered from massive
obesity, status post multiple motor vehicle accidents with fractures and open
reduction internal fixation of right femur, right hip, right knee, right tibia and
fibula and a history of right supraspinatus tendinopathy, which he found to be
"severe" within the meaning of the Regulations (Tr. 15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or
medically equal any of the listed impairments (Tr. 15).

The ALJ further found that Plaintiff could not return to his past relevant

3

work but determined that he  has the  residual functional capacity ("RFC") to perform sedentary work (Tr. 15).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 18).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 27, 2007 (Tr. 5-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

## III.  ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected the opinion of his treating physician, Dr. Osias Villaflor, (2) the ALJ erred in assessing Plaintiff's credibility, (3) the ALJ erroneously determined that Plaintiff did not meet Listing 1.02; and (4) the ALJ's decision does not comply with  Social Security Ruling ("SSR") 96-8p.

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly rejected the opinion of his treating physician, Dr. Osias Villaflor.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Villaflor treated Plaintiff intermittently for symptoms associated with Plaintiff's history of fractures. In January 2007, Dr. Villaflor completed a Physical Capacities Evaluation in which he opined that Plaintiff could not perform even sedentary work (Tr. 241-242). Other assessments and notes submitted by Dr. Villaflor are consistent with this opinion of extreme functional limitation (Tr. 167-219, 221-223 and 233-238).

The ALJ did not defer to Dr. Villaflor's opinion. In rejecting it, the ALJ noted that Dr. Villaflor's opinion was inconsistent with that of the state agency's physicians. Further, Dr. Villaflor's opinion is not supported by clinical or diagnostic testing. Rather, the x-rays of record show that all fractures have healed with no significant arthritis. Finally, the ALJ noted that Dr, Villaflor treated

6

Plaintiff intermittently, with visits only once or twice a year.   These gaps in

treatment do not support Dr. Villaflor's opinion of disability.    Notably, although

Plaintiff alleges an onset date in June 2004, he saw Dr. Villaflor on one occasion

between October 2003 and August 2005 and  Plaintiff was seeking treatment for

allergies, not pain or other symptoms resulting from fractures (Tr. 170-172).

As for Plaintiff's assertion that Dr. Villaflor's opinion must be given

conclusive weight simply because his assessments are the only ones by an

examining physician, it has no merit.    His argument is nothing other than a

contention that treating physicians must be given deference by virtue of their

treating relationship.   As set forth above, in order to be given controlling weight,

the opinion of a treating physician must be supported by sufficient clinical

findings. In this case, they are not.  Further, the Regulations specifically permit an

ALJ to consider and rely upon the opinions of non-examining sources.  The critical

inquiry is whether the medical opinions of record are sufficiently supported.

Given the lack of supporting medical data, the Court finds no error in the

ALJ's rejection of the opinion of Dr. Villaflor.


Plaintiff's second claim of error is that the ALJ erred in assessing Plaintiff's

credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

Although the ALJ found that Plaintiff's medically determinable impairments could be expected to result in some of Plaintiff's alleged symptoms, he concluded that  Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were only "partially credible" (Tr. 18).   For example, despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities.   The ALJ considered these activities, along with other factors, in determining that Plaintiff could perform the minimal demands of sedentary work.  The Court finds no error in this regard as the Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

8

Plaintiff also contends that the ALJ erroneously determined that Plaintiff did not meet Listing 1.02.

"[T]he burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999). Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the

Listing." *Id*.  This must be done by presenting specific medical findings that satisfy

the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990).  An

impairment that manifests only some of the criteria in a particular Listing, "no

matter how severely, does not qualify." *Sullivan*, at 530.

Listing 1.02 addresses major dysfunction of a joint or joints and requires the

involvement of one major peripheral weight-bearing joint, e.g. knee, resulting in

the inability to ambulate effectively, as defined by 1.00B2b, or involvement of one

major peripheral joint in each upper extremity, e.g. shoulder, resulting in the

inability to perform gross and gross movements effectively, as defined by the

1.00B2c.   20 C.F.R. pt. 404, subpt. P, app. 1, §1.02.

Plaintiff argues that his knee impairment, coupled with his obesity, satisfy

Listing 1.02.  However, Plaintiff does not proffer specific evidence which correlate

with 1.02 criteria.  To the contrary, the evidence of record demonstrates that

Plaintiff does not satisfy the requirements of Listing 1.02.   For example, the

Regulations cite as examples of an inability to ambulate effectively an inability to

walk without two canes, the inability to walk a single block on an uneven surface

at a reasonable pace or an inability to shop.  20 C.F.R. pt. 404, subpt. P, app. 1,

§1.00B2b.   The record reveals that Plaintiff uses one cane, not two.  He shops,

drives and attends football games (Tr. 270-271).  Clearly, Plaintiff's impairment

10

does not satisfy Listing 1.02.  As such, Plaintiff has failed to carry his burden of proof in this regard.

Finally, Plaintiff argues that the ALJ's decision does not comply with SSR 96-8p.  He contends that the ALJ's determination that Plaintiff can perform sedentary work is lacking in reference to supporting evidence.

SSR 96-8p requires than the ALJ individually assess the exertional and non-exertional capacities of a claimant in determining the claimant's RFC.  Although the Rule refers to a "function-by-function evaluation", the ALJ is not required to produce "a detailed statement in writing."  *Delgado v. Commissioner of Social Security*, 30 Fed.Appx. 542, 2002 WL 343402 (6th Cir. 2002) at *5 (internal citation omitted).   In other words, what an ALJ must consider is not necessarily required to be written.  *Id.*   The ALJ need only explain how the evidence of record supports his RFC determination.  *Id*.

Moreover, Plaintiff does not specify how a function-by-function analysis would change the outcome of this case.   He simply asserts that the ALJ's decision runs afoul SSR 96-8p.

The Court having reviewed the ALJ's decision as well as the record finds that in formulating the RFC, the ALJ referred to the credible medical evidence of

11

record.   The RFC complies with SSR 96-8p.

## III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 15, 2008.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

12